UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **AXALTA COATING SYSTEMS, LLC,** a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**PRIMERO CORPORATION,** a California corporation, and **XAVIER ORTIZ,** an individual,<br><br>Defendants. | CIVIL ACTION NO.: _____ |

## COMPLAINT

Plaintiff, Axalta Coating Systems, LLC ("Axalta"), by and through its undersigned counsel, files the following Complaint against Defendants, Primero Corporation ("Primero") and Xavier Ortiz ("Ortiz").

## INTRODUCTION

1. Axalta files this Complaint to recover damages for breach of contract.

2. Axalta manufactures and sells automotive paint and related materials (the "Products").

3. At all times relevant to this Complaint, Primero operated an automotive body shop and refinish business.

4. Primero entered into a tri-party agreement ("Agreement") with Axalta and FinishMaster, Inc. ("Distributor"), which was personally guaranteed by Ortiz. A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

5. Under the Agreement, Primero agreed to purchase and use Axalta Products for 100% of its paint and refinish needs, and to purchase an amount equal to or exceeding $684,000.00

1

of Axalta products plus $503,000 of material purchases, for a total commitment of $1,187,000.00 (the "Purchase Requirement").

6. In exchange for the foregoing commitment, Axalta provided Primero with upfront investments totaling $225,000.00 (the "Incentive Payment").

7. Primero took the Incentive Payment, but stopped purchasing Axalta Products and switched to a competitor's paint line before fulfilling its Purchase Requirement, thereby breaching the Agreement.

8. As a result of Primero's breach, Axalta is entitled to recover from Primero and/or Ortiz the full Incentive Payment of $225,000.00, based on the terms set out in the parties' Agreement, as well as its lost profits, reasonable attorneys' fees, and other costs.

## PARTIES, JURISDICTION AND VENUE

9. Axalta was and is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 50 Applied Bank Blvd., Suite 300, Glen Mills, Pennsylvania 19342.

10. Axalta has a single member, Axalta Coating Systems U.S. Holdings, Inc. ("Axalta Holdings"). Axalta Holdings is incorporated in Delaware, with its principal place of business in Pennsylvania. Thus, for purposes of diversity jurisdiction, Axalta is a citizen of Delaware and Pennsylvania.

11. Primero is a corporation organized under the laws of the State of California with its principal place of business located at 2461 Santa Monica Boulevard Suite 702, Santa Monica, California 90404. Thus, for purposes of diversity jurisdiction, Primero is a citizen of California.

12. Upon information and belief, Ortiz is an individual, *sui juris*, and a citizen of California.

13. This Court has personal jurisdiction over Defendants, as Defendants expressly consented to personal jurisdiction in this forum, under the terms of the Agreement. *See* Ex. 1 at ¶ 11. The Court also has personal jurisdiction over Primero and Ortiz because their actions caused harm to Axalta in Pennsylvania.

14. This Court has subject-matter jurisdiction under 28 U.S.C. §1332. The amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, there is complete diversity of citizenship between the parties, and jurisdiction and venue are proper in this Court.

15. Venue is proper in the Eastern District of Pennsylvania because the parties agreed to bring all claims arising under the Agreement in the federal or state courts located in Philadelphia, Pennsylvania. *See id.*

## FACTS

16. On or about August 10, 2017, Fabio Garduzi ("Garduzi") signed the Agreement on behalf of Primero in his capacity as President.

17. On or about August 15, 2017, Ortiz signed the agreement as Primero's guarantor in his capacity as Primero's General Manager/Owner.

18. On or about August 16, 2017, Axalta and Distributor executed the agreement.

19. All obligations of Axalta and Distributor under the Agreement "are several and not joint, and in no event shall Axalta or [Distributor] have any liability or obligation with respect to the acts or omission of any other party to th[e] Agreement." *Id.* at ¶ 11.

20. Pursuant to the Agreement, Axalta provided Primero with the Incentive Payment of $225,000.00. *Id.* at ¶ 3.

21. The Incentive Payment was fully funded by Axalta.

22. In exchange for the Incentive Payment, Primero agreed that it would purchase and use Axalta Products for 100% of its requirements for automotive paint and related materials until it had met the Purchase Requirement of $684,000.00 in Axalta Products plus $503,000.00 of material purchases, for a total of $1,187,000.00, calculated at Distributor's net invoice price. *Id.* at ¶ 3.

23. Primero took the Incentive Payment, but in or around October 2019, breached the Agreement by ceasing to purchase Axalta products and, upon information and belief, switched to a competitor's product line without having fulfilled the Purchase Requirement.

24. Primero's breach constitutes an "Acceleration Event" as defined under the Agreement. *Id.*

25. Upon the occurrence of an Acceleration Event, Primero is required to "reimburse Axalta and [Distributor] the entire amount of the [Incentive Payment], respectively, without notice or demand." *Id.*

26. The Agreement further provides that "[u]pon the occurrence of an Acceleration Event, [Distributor] and/or Axalta reserve the right to pursue any remedy available to them under law or equity." *Id.* at ¶ 11.

27. Additionally, the Agreement entitles Axalta to recover its reasonable attorneys' fees and costs. *Id.*

28. By letter dated April 10, 2020, Axalta provided Primero with a written notice of its breach.

29. To date, Primero has not remedied the breach or paid Axalta any portion of the contractual Termination Charges.

## COUNT I
## (BREACH OF CONTRACT)

30. Axalta incorporates and restates Paragraphs 1 through 29 above as if each had been fully set forth herein.

31. At the time of the Agreement's execution, Garduzi had actual authority to execute the Agreement on behalf of Primero.

32. The Agreement is a valid and binding contract between Axalta and Primero, subject to enforcement by its terms.

33. Axalta performed its obligations under the Agreement.

34. Primero materially breached the Agreement by failing to meets its Purchase Requirement obligation to purchase $684,000.00 of Axalta Products plus $503,000 of material purchases, for a total of $1,187,000.00, calculated at Distributor's net invoice price.

35. Axalta has suffered, and continues to suffer, damages as a direct and proximate result of these breaches.

36. As Guarantor, Ortiz assumed a legally binding personal responsibility for the debts incurred by Primero under the Agreement.

37. Under the terms of the Agreement, Axalta is entitled to damages of $225,000.00, plus reasonable attorneys' fees and costs, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Axalta Coating Systems, LLC, respectfully requests that this Court enter a judgment in its favor and award damages against Defendants Primero Corporation and Xavier Ortiz in the amount of $225,000.00 for breach of the Agreement, together with attorneys' fees and costs, and all other relief this Court deems proper.

Dated: March 11, 2021

Respectfully submitted:

**HUNTON ANDREWS KURTH LLP**

_____
Thomas R. Waskom (Pa. Bar No. 321664)
951 East Byrd Street
Riverfront Plaza, East Tower
Richmond Virginia 23219
twaskom@huntonak.com
(804) 788-8403

*Attorneys for Axalta Coating Systems, LLC*

080675.0000151 EMF_US 83179891v4